FILED
2005 Mar-29 PM 02:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

2005 MAR 28  PM 1:32

Marlon K. Tyler

Inmate Identification Number: 160077

_____

_____

(Enter above the full name(s) of the plaintiff(s)
in this action)

CV-05-AR-0662-S

**NOTICE TO FILING PARTY**

*It is your responsibility to
notify the clerk in writing
of any address change.
Failure to notify the clerk
may result in dismissal
of your case
without further notice.*

**VS.**

Mitch Etheridge, Brian Krukowski, Eric Jones,
Ronald Carter, John Arthur, Charles Dean,
Stephen Bullard, Donal Campbell, and (John;
Doe's ie, "Prison Health Services, Inc.")

(Enter above full name(s) of the defendant(s)
in this action)

## I.    Previous lawsuits

**A.**   Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes   (    )          No   ( ✓ )

**B.**   If your answer to (A) is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

1.   Parties to this previous lawsuit:

Plaintiff(s):   _____

Defendant(s):   _____N/A_____

_____

2. Court (if Federal Court, name the district; if State Court, name the county)

3. Docket number _____ — _____ N/A _____ – _____

4. Name of judge to whom case was assigned _____ N/A _____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____ N/A _____

6. Approximate date of filing lawsuit _____ N/A _____

7. Approximate date of disposition _____ N/A _____

II. Place of present confinement _____ Donaldson Correctional Facility _____
   100 WARRIOR LANE - Bessemer, AL 35023

A. Is there a prisoner grievance procedure in this institution?
   Yes ( )      No ( ✓ )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes ( )      No ( ✓ ) None Available,

C. If your answer is YES:

   1. What steps did you take? _____

   2. What was the result? _____

D. If your answer is NO, explain why not? _There is No Prisoner grievance_ _or any Administrative grievance Procedure in the_ _Alabama State Department of Corrections, as they_ _were done away with, per administrative Policy_

2

III. **Parties**

In item (A) below, place your name(s) in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

**A.** Name of plaintiff(s) _Marlen K. Tyler ## 160077_

Address _100 Warrior Lane, Bessemer, Ala, 35023_

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item (C) for the names, positions, and places of employment of any additional defendants.

**B.** Defendants _Mith Etheridge, Brian Krukowski, John Arthur, Charles Dean_

is employed as _Donaldson Correctional Facility officer's_

at _Donaldson Corr. Fac.; 100 Warrior Lane, Bessemer, Al. 35023_

**C.** Additional Defendants _(Lt. Eric Jones, Sgt. Ronald Carter, Warden;_

_Stephen Bullard, and John Doe's, Prison Health Services, Inc. all at Donaldson,_

_100 Warrior Lane-Bessemer, Al- 35023)   (Donal Campbell, 1400,_

_Lloyd St., Montgomery, Al, 36107)_

IV. **Statement of Claim**

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

See Extra Sheet A+B

3

V.   RELIEF

State briefly exactly what you want the court to do for you. Make No legal arguments cite no cases

— SEE Attached Sheets —

I declare under penalty of perjury That the Foregoing is True And Correct

Executed on Date: 3/19/05

x Mhalon Tyfr 160077
700 WARRIOR LANE
Bessemer, Ala, 35023

Sworn To before me this 14 day
of March 2005

Signature(s)

Notary Public K.D. Clark

my comm. Exp. 2/2/09

UNITED STATES DISTRICT COURT

Northern District of Alabama

2005 _____ A: 32 y/ER # 16 c c 7 7

Vs.                                                    Complaint

Mitch Etheridge, Brian Krukowski,

Eric Jones, Ronald Carter, John Arthur,        Jury Trial

Charles Dean, Sued in Their individual capacities,  Demanded

Stephen Bullard, Deval Campbell, John Does,

Sued in Their official and individual capacities

Defendants

---

This is a civil Rights Action Filed by Marlon K. Tyler, a State
Prisoner, For dimages and injunctive Relief under 42 U.S.C.
§1983, Alleging Excessive use of Force and denial of medical
care in Violation of the Eighth amendment to the United States
Constitution and confinement in Segregation in Violation
of The Due Process Clause of The Fourteenth Amendment To
The Constitution. The Plaintiff Also Alleyes The Torts of Assault
And Battery and Negligence, And Racial Discrimination

Jurisdiction

(1) The Court has jurisdiction over Plaintiffs claims of Violation
of Federal Constitutional Rights under 42 U.S.C. 1331(a) and 1343, 1983.

(2) The Court has supplemental jurisdiction over Plaintiffs State
law Tort Claims under 28 U.S.C. § 1367

Parties

(3) The Plaintiff, Marlon K. Tyler is incarcerated at Donaldson
Correctional Facility (Donaldson)-100 Warrior Lane, Bessemer,
Alabama, 35023-At all Times durring This complaint.

(4) Defendants, Etheridge, Krukowski, Dean And Arthur,
are Correctional officers Employed at Donaldson,
They are Sued in Their individual Capacities.

(5) Defendant, Eric Jones, is a Correctional lieutenant in charge of Second Shift, General Population and Shift office and Second Shift Employees. He is Sued in his individual capacity.

(6) Defendant, Ronald Carter, is a Correctional Sgt, at Donaldson He is Sued in his individual capacity

(7) Defendant, stephen Bullard is The Warden at Donaldson at all Times durring The events described in This complaint. he is in charge of The Supervision and discipline of all Correctional Staff at Donaldson, He is Sued in his individual and official capacities.

(8) Defendant, Donal Campbell is the Commissioner of the Department of corrections and is Responsible For the Supervision and discipline of all Prison Personnel, Wardens and Staffing To provide Adequate Security Personnel, and Reviewing all administrative Appeals of disciplinary charges Filed by Donaldson inmates. He is Sued in his individual and official capacities.

(9) Defendant, John Doe is The medical administrator at Donaldson and is Responsible For ensuring The provision of medical Care To Prisoners. He/she is Sued in his/her individual and official capacities

(10) All The Defendants have Acted, and continue To Act under Color of State law at all Times Relevant To This complaint.

(11) All The Defendants Knew or Should have Known Their conduct was unlawful, at all Times Relevant To This complaint. Facts

(12) That on November 25, 2004. while sitting at my Bed in H-Dorm of Donaldson I was assaulted and Robbed by inmates Wright #196694 and Harris #224124

(2)

(13) I was grabbed, Thrown down and held by inmate Harris as inmate Wright got Coffee and Tobacco out of my locker Box, Inmate Harris droped The Box cutter he had as a weapon And Plaintiff grabbed it From The Floor.

(14) Plaintiff med have cut inmate Harris on The arm, Forcing Harris To Relence Plaintiff, and inmate Wright Kicked Plaintiff in The Side and Plaintiff in a Defencive move cut inmate Harris Wright on The leg To prevent being Kicked again.

(15) Plaintiff heard Someone yell, quote; The Police are comming... at This point inmate's Wright and Harris Ran away.

(16) Sgt. Ronald CARTER comes To my Bed, handcuffs Plaintiff and Takes Plaintiff To west Side Barber Shop, Shutting The door locked.

(17) Sgt. CARTER Then Sends officer Mitch Etheridge To The Barber Shop where Etheridge states; quote; you Think your a Bad mother F---er, Plaintiff does Not Respond.

(18) Etheridge Then goes inside Shift office, gets The Key To Barber Shop From Shift Clerk, Defendant Charles Dean, (Note); The Shift office and West Barber Shop are Side by Side, with a glass Wall Between Them Allowing officers in Shift office To observe and hear inside The Barber Shop.

(19) Defendant, Etheridge (A.K.A. Big E) Along with Defendant Krukowski unlock The Barber Shop door, come inside Telling Plaintiff To Face The wall, as Plaintiff Turned To comply, Still in Restrains, Both Etheridge and Krukowski Started Banging And Slapping Plaintiffs head against The Concrete Block wall, Then Both Tell Plaintiff To get on his G-d-D--N Knees, Plaintiff complys, at This Point The cuffs are Removed and Replaced, Cuffed Behind Plaintiffs Back.

(3)

(20) Plaintiff Knelled on his Knees, Bleeding From his Nose, Mouth and Face, Defendant Krukowski Starts To Walk Away, Turns with a Roundhouse Kick Kicking Plaintiff in The Chest, Knocking Plaintiff To The Floor with all wind Kicked out of him.

(21) Etheridge Then Tells Krukowski To hold Plaintiff down, Turning Plaintiff Face down on The Floor, Bleeding, out of Breath.

(22) Krukowski Then Stomped Plaintiff in The Back 2 To 3 Times, Stands upon, and held Plaintiff This way as Etheridge goes back into Shift office getting a Pair of leg Shackles.

(23) Etheridge Returns To Barber Shop, Cuffs Plaintiffs legs and puts Chains Through Plaintiffs hand cuffs, pulling Plaintiffs legs up Behind him and his Plaintiff Hog Tied, with Cuffs Behind The Back, legs Pulled up and hooked To handcuffs, laying Face down in The Floor.

(24) As Plaintiff lay Hog-Tied Face down in The Floor he is Kicked in The groin/Crotch Area

(25) These actions and Conduct was observed by officers, Arthur, Shift office Clerk Dean, Sgt. Carter and Lt. Eric Jones.

(26) That The actions in # 19-60-21-22-23-24 and 25 were and are unconstitutional and Violations of The Eighth Amendment To The United States Constitution, and Not only observed by Defendants, Arthur, Dean, Carter and Jones but Also Condoned and at No Time did Defendants attemp or Try To Stop This unlawful and unconstitutional Conduct.

(27) Defendant, Arthur Says To Etheridge, quoit; We Need To get him (Plaintiff) up and Take him To Health Care unit To get The Bleeding Stopped.

(28) Etheridge Responds, F--K Him, I don't give a G-d-D--N, if The

(28) S.C.B. Lay's There And Bleeds To Death.

(29) Defendant, Arthur Removes The leg IRons letting Plaintiffs Feet down.

(30) Defendant, Jones Says, quote; "Someone has got To be Responsible For This Shit," as he looks down at Plaintiff

(31) Defendant, Carter Brings in A Camera, Takes "pictures" of Plaintiff, And The Bleed Spots on The wall And Windows.

(32) Plaintiff is Escorted To Health Care unit by Arthur, still in Restrains, handcuffed Behind The Back.

(33) Defendants then write False And Illegal Disciplinary Charges Against Plaintiff in an attemp To Cover up their Conduct.

(34) During These events; # 19 Thru-25 The Plaintiff did not Resist or Threaten The officials in any Fashion.

(35) That while Plaintiff was being Assaulted And Robbed by inmates Wright And Harris There was No Security or officer in The Area

(36) That it is a common Practice And Clear Showing of Deliberate indifference To Safety And Care That No officers were Near Are Assigned To The Dorms At Donaldson

(37) That it is a common Practice For officers To work (16) Six-Teen hour Shifts, And most usually Are not Concious or aware of whats happening Around them; Another Clear Showing of Deliberate Indifference To The Care And Safety of Prisoners. Denial of Due Process

(38) Defendants, Carter, Ethridge and Krukowski conspire Together And write Disciplinary Charge(s) on Plaintiff For, "Fighting with A Weapon" And "Creating A Safety And Security Hazard"

(39) Plaintiff Calls as Witness To Creating a Safety-Security Hazard Defendant Dunn, who Testified Plaintiff did Not do any of The

(9)

(39) acts in which Etheridge stated and Charged Plaintiff had done, Namely, Beat his Head against The Wall, and Hitting Glass Wall with chair.

(40) That Disciplinary Written and Charged by Etheridge his Vead disappeared, leaving one To wooder who his misplaced This Evidence that is Titled Creating a Safety and Security Hazard.

(41) That Disciplinary For Fighting with a weapon, based on the Above described events with inmates Wright and Harris was another conspired and milicious attemp To cover up The Actions of all Defendants

(42) Defendants, Jones, Carter, Arthur and Krukowski Futhur conspire And appoint Krukowski To be The Disciplinary Hearing officer For Disciplinary Charge of Fighting with a weapon.

(43) Krukowski Finds Plaintiff Guilty of Disciplinary Change placing him in Disciplinary Segregation depriving Plaintiff of all Personal Property, loss of all lunch meals and adequate Diet, loss of a mattress For 12 To 14 hours a day, all Privileges. Store, Phove calls and Family Visits, Forced To Exercise in Restrains, handcuffed Behind The Back.

(44) That Krukowski could in No way be an impartial Hearing officer Even if Plaintiff were Guilty, which he's Not.

(45) That Plaintiff was Denied Due Process of law in a Retaliatory Disciplinary, Judged in Hearing by officer Krukowski who had Beat, Stompped and Kicked Plaintiff, Violating Plaintiffs Fifth, Sixth And Fourteenth Amendment Rights To The Constitution.

(46) That Defendants Knew Krukowski Assaulted, Beat, Stomped and Kicked Plaintiff and conspired To Allow him To be Appointed To Judge Disciplinary Change, A Violation of Due-Process And Rules and Regulations of The Department of Corrections, (403)

(47) That Plaintiff, objected To having Krukowski as Hearing officer and This objection was ignored and denied.

(48) That There is No Administrative Procedure To Review Prisoner Complaints or grievances in The Alabama Department of Corrections.

(49) That This Conduct by Prison Personnel did and does deprive Plaintiff of Rights, Privileges or immunities Secured by The Constitution of The United States, and the laws of The State of Alabama

(50) That Defendants, Prison Personnel Knew or Should have Known Their conduct and actions herein were and are Illegal, unlawful, unconstitutional as well as Immoral and Shocking, and the Result of this conduct has Placed upon Plaintiff an atypical and Significant hardship compared To ordinary Incidents of Prison life misuse of Force

(51) Plaintiff was Assaulted by Defendants Etheridge and Krukowski in an unnecessary, uncalled for and unprovoked assault and Defendants acted with a malicious intent in assaulting Plaintiff causing a deprivation of Constitutional Rights To be Free From Cruel and unusual Punishment under The Eighth Amendment To The United States Constitution

(52) That There is a duty on The Part of Prison Personnel To Follow a Certain Standard of Care To Protect Prisoners From unnecessary Risks of assault And Not To Beat and assault them while in Restraints.

(53) That here There has been a Failure by Prison Personnel To Perform that duty To Provide Protection.

(54) That Defendants conduct Violated clearly established Constitutional Rights of The Plaintiff, Rights of which Any Reasonable person would have Known, and Should have Known.

(55) That Defendants, Carter, Jones, Arthur and Dean showed an egregious and malicious Failure To Act, and a Reckless disregard For my safety by Not preventing or Stopping The Beating attack Plaintiff Suffered by the Assaults of Etheridge and Krukowski, instead They all Stood by and watched

(56) Defendants Condoned and Turned a Blind Eye To This unlawful Act of Assault by Etheridge and Krukowski.

(57) That Plaintiffs Constitutional Rights under The Eighth Amendment have been Violated By The Defendants and it was Cruel and unusual To be Beat, Kicked and Stomped by Prison Personnel who are Charged with the Duty To Protection and care of Prisoners.

(58) That Plaintiff has Suffered an Actual Present injury by Being Assaulted By Prison Officials; the Serving of Illegal disciplinarys and denial of impartial hearing officer, A Finding of Guilt by/of disciplinary Charge holding Plaintiff Restrained in Segregation, All depriving Plaintiff of constitutionally Protected Rights under The Forth, Fifth, Eighth and Fourteenth Amendments of The United States constitution, and laws of The State of Alabama. Lack of Security and Staffing and conditions

(59) That officers walk off the Job; Resign; and are Fired from Employment and are not Replaced by others To Fulfill Security Posts, leaving an Inadequate; unsecure and unprotected Areas inside Donaldson

(60) That Prison officials, Namely Bullard and Campbell have a Duty To Staff and Provide Adequate Protection, Security and Staffing and have Failed To do So at Donaldson.

(61) That Prison officials have a duty To Protect Prisoners From Violence and unReasonable Fear of Violence, and were deliberately Indifferent, Negligent and a Showing of Reckless disregard For my safety

(57) That The Assaults and Battery inflicted upon Plaintiff, By Etheridge, and Krukowski, and condoned By all other Defendants was in unnecessary, wanton, infliction of Pain upon Plaintiff and constitutes Cruel and unusual Punishment Forbidden By The Eighth Amendment To The united States constitution, and Defendants All had a base line mental state of deliberate indifference To Plaintiffs Protection and care,

(68) That Defendants, did apply, in Bad Faith a maliciously and Sadistically planned Assault upon Plaintiff For The Very purpose of Causing harm To The Plaintiff, and All Defendants were deliberately indifferent To Plaintiffs Suffering, constituting Punishments Forbidden by The Eighth Amendment of The united States Constitution,

### Racial Discrimination

(69) Plaintiff, Tyler is a white male, skinny, less Than 150 pounds, is Not, Nor has he ever been, a Violent Person,

(70) Defendant, Etheridge is A Black male correctional officer, over (6) Six Feet Tall And an estimated 280 To over 300 pounds

(71) Plaintiff was Physically Assaulted by Etheridge, and before That assault Plaintiff was Physically Assaulted and Robbed by (2) Two Black Inmates, (Harris and Wright) who Are known gang members, Both assaults on November, 25 2004,

(72) That it is Common Practice For Black Inmates To Assault, Rob And even Rape white Inmates, and Prison officials being (85%) Eighty-Five percent Black, condone and Turn A Blind Eye To This unlawful conduct, and have Takes no Steps To prevent or Remedy This unlawful conduct.

(73) That The white Inmates at Donaldson Are The minority

(61) Care and Protection From Assault and Robbery by Not having Adequate Security on Personnel Assigned To H-Dorm, (where Plaintiff was Assigned To live) and This conduct directly Contributed To my being Attacked and Robbed by other inmates of my Property.

(62) That Inmate on Inmate Assaults, Robberys, Rapes and Stabbings Are A common occurence and Defendants have Taken No Steps To prevent or Remedy This Situation, Showing a Total lack of Care And Being deliberately indifferent To The Violence, which does daily occur at Donaldson.

(63) That Many Assaults go unReported due To Fear of Reprisals and is common Practice For Prison officers To Write Disciplinary Charges on inmates inwhich officers assault, this charge Inmate with Assault on An officer To Cover up This unlawful conduct.

(64) They Place inmates in Disciplinary Segregation To Father Cover up, and due To Fear, Duress and Psychological intimidation These unlawful Acts go unReported, while Prison Personnel Turn A Blind eye To These Violations

(65) That inmate on inmate Violence is condoned and overlooked, And The Very Real Risk of injury From Violence inflicted by contraband weapons, in incidents Related To The use and Trafficing of contraband Drugs (by inmate and Employees) and The prevalence of Both is A Result of willfully lax ineffectively executed Security precautions which Abdicates To inmates Control of The Conditions of Confinement at Donaldson

(66) That these unlawful Acts and conduct are Known To Prison Personnel and They have Taken no Action To Prevent or Remedy this Situation And They Know Said conduct is Illegal, And Constitutes conditions That Are Also unconstitutional and inhumane To live under.

(73) with The Inmate population at Donaldson being 1600 To 1700 Total with only 300 To 400 being white inmates. And 1200 being Black.

(74) That Prison Employees being (85%) Eighty Five percent Black do Discriminate Against White Inmates and do Favor Black inmates over white inmates in any Type of Disputes, Job placements, educational opportunities and Basic Freedom of Movements.

(75) That The Inmates, (Wright and Harris) whom are both Black and did assault Plaintiff at Plaintiffs assigned Bed, also Robbing Plaintiff, were Not Disciplined For These Acts Nor placed into Segregation As was Plaintiff.

(76) That Plaintiff has been discriminated Against, Assaulted by Black Inmates And officer Because Plaintiff is A white minority Inmates, in both Assults which were uncalled For, unnecessary And unprovoked, And This Conduct is unlawful.

(77) That all The unlawful Acts mentioned in This complaint Show Prison Personnel Acted with deliberate indifference To Plaintiffs Care And safety And Protected Rights, And Plaintiff has Suffered mental And Physical Pain as a direct Result of Acts And conditions inflicted willfully And wantonly by Prison officials and The deprivations do impose an Atypical And Significant hardship upon Plaintiff in Relation To incidents of ordinary Prison Life.

Denial of Medical Care

(78) That Plaintiff Recieved And has a present injury To his Neck, Namely A Slipped Disc and pinched Nerve as a direct Result of The assault by Etheridge and Krukowski.

(79) Plaintiff has attempted To get Medical Treatment by Submitting

(79) Sick-call Requests Seeking Appointments To See A Doctor with Complaints of my Neck Pains and Headaches.

(80) That The medical Provider, "Prison Health Services, Inc." in an attempt To discourage, delay and deny Needed medical Treatments, Change Doctors About over A month and No Treatment has been Provided To Plaintiff For his Neck injuries.

(81) That Plaintiff has Submitted Repeated Sick-call Requests and has Filed A "medical Complaint Form" Requesting To See A Doctor and Treatment For Neck and Headaches.

(82) On information and Belief, When A Prisoner Files A medical complaint Form, The Compliant Staff calls The matter To The attention of Those individuals Responsible For The matter That The complaint concerns.

(83) Defendants, John Doe is Responsible For medical care generally And For Arranging Specialized medical care outside The Prison.

(84) After (4) Four months, The Plaintiff has Recieved No Response or medical care and Treatment For his Neck injuries other than Tylenol and Motrer, inwhich any layman would know will not Correct Slipped Disks or pinched Nerves.

(85) The Plaintiff is in pain From This Neck injury and his A Constant Throbbing Headache.

(86) On information and Belief, if The Plaintiff is Not Provided with proper medical Treatment he Risks permanent disability

(87) That Plaintiff does have A present and continuing injury To The Neck and Head, as A direct Result of The Assault, While in Restrains, by Etheridge and Krukowski

<u>Claims For Relief</u>

(88) The Actions of Defendants Etheridge and Krukowski in using Physical Force Against The Plaintiff without Need or Provocation

Claims For Relief - cont

(88) And Defendants, Jones, Carter, Arthur and Dean in Failing
To intervene To prevent The misuse of Force, were done
maliciously and Sadistically and constituted Cruel and unusual
Punishment in Violation of The Eighth Amendment of The United
States Constitution.

(89) The Actions of Defendants Etheridge and Krukowski in using
Physical Force Against Plaintiff without Need or provocation
constituted The Tort of Assault and Battery under The Law
of Alabama

(9c) The Failure of Defendant Bullard To Take disciplinary or other
Action To curb The Known Abuse of Plaintiff by Defendants
Etheridge and Krukowski constituted deliberate indifference,
and contributed To and proximately caused The above described
Violation of Eighth Amendment Rights and Assault and Battery

(91) The Failure of Defendants Bullard and Campbell in Lack of Security,
Lack of Staffing, unmanned Security Posts And Failure To prevent
Assaults were done with deliberate indifference and constituted
Conditions That are Cruel and unusual Punishment in Violation
of The Eighth amendment of The constitution of The United States.

(92) The Failure of Defendants Bullard and Campbell To Take any Action
To curb The Known Pattern of Violence, Trafficking in Illegal
Drugs by Inmates and Employees, The making of contraband
Weapons used in Robberies, Rapes and assaults, Breakdowns
in Classification of Inmates and overcrowding of Prisoners
with callous indifference To Federally Protected Rights of which
Any Reasonable Person would have Known, with malicious Intent
To cause deprivation of Constitutional Rights.

(93) The Actions of Defendants Jones and Carter in Assigning Krukowski

(73) whom Defendants knew had assaulted Plaintiff, To he Disciplinary hearing Judge, Denial of Plaintiffs objection To Kaukowski as Not able To be impartial Hearing officer, And Finding of Guilt by Kaukowski with Conspiratory Evidence, No Real evidence To Support The charge, and providing an inadequate Written disposition of the charge denied the Plaintiff of the due-Process of law in Violation of the Fourteenth Amendment To The United States Constitution, And their own Rules and Regulations, admin-403.

(74) The actions of Defendants Bullard and Campbell in Refusing To overturn The Plaintiffs disciplinary conviction, despite their Knowledge of the above described due Process Violations, constituted deliberate indifference and Further denied Plaintiff The due-Process of law in Violation of the Fourteenth Amendment To The United States Constitution

(75) That the actions of Defendants Etheridge, Carter, Jones in the Violations Mentioned in This Complaint were Racially Motivated And Violation of Plaintiffs Civil Rights

(76) That Actions of Defendants Kaukowski, Bullard and Campbell along with, Etheridge, Carter and Jones in Retaliatory Disciplinary Charge and punishments of Disciplinary Segregation, Luk of Adequate Diet, loss of Mattress, And all Privileges done Maliciously and Sadistically And constituted Cruel and Unusual Punishment in Violation of The Eighth Amendment and denial of Due Process of law in Violation of the Fourteenth Amendment To The United States Constitution, and Violation of The Department of Corrections Rules and Regulations Administrative Regulation 403, III(3); in Right To Impartial Hearing officer.

(77) The Failure of Defendants, John Doe To Provide Adequate Medical Care

(97) or proper examination and Treatment of Plaintiffs Neck injury. Constitutes deliberate indifference To Plaintiffs Serious and Real Medical Needs in Violation of The Eighth Amendment To The United States Constitution

(98) The Failure of Defendants, John Doe, Administrations of Prison Health Services, Inc. To provide Adequate Medical care and Treatment of Plaintiffs Neck and Head injuries constitutes the Tort of Negligence under The law of Alabama.

<u>Relief Requested</u>

Wherefore, Plaintiff Request The Court grant The Following Relief:

(A) Issue A declaratory judgement stating That:

(1) The Physical Abuse of The Plaintiff by Defendants Etheridge And Krukowski Violated The Plaintiffs Rights under The Eighth Amendment To The united States Constitution, And constituted An Assault and Battery under State law.

(2) Defendants, Jones, Carter, Arthur and Deans Failure To Take Action To prevent Abuse of Plaintiff Violated The Plaintiffs Rights under The Eighth Amendment To The united States Constitution And constituted An Assault And Battery

(3) Defendant Krukowski's Actions in conducting Disciplinary hearing And Defendants Bullard and Campbell's Actions in Sustaining it, Violated The Plaintiffs Rights under The Due Process Clause of The Fourteenth Amendment To The united States Constitution.

(4) Defendants Bullard and Campbell's Failure To Provide Adequate Security And Staffing, Violated, And continue To Violate The Plaintiffs Rights under The Eighth Amendment To The United States Constitution

(5) Defendants, John Doe's Actions in Failing To provide medical care For The Plaintiff, Violated, and continue To Violate, The Plaintiffs Rights under The Eighth Amendment To United States Constitution,

(B.) Issue an injunction ordering defendants John Doe, "Prison Health Services, Inc." To;

(1) Immediately Arrange For Plaintiff To be Adequatly and properly evaluated and Treated For his Neck and Head injuries

(2) Immediately Arrange For Plaintiff's Need For medical Attention by a medical practitioner with expertise in The Treatment of Neck and Disc injuries

(3) Carry out without Delay The Treatment directed by Such medical Practitioner.

(C.) Issue an injunction ordering defendant Campbell To;

(1) Release The Plaintiff From Segregation and Transfere To another Facility and place him in general Population, with Restoration of All Rights and Privileges,

(2) Expunge The Disciplinary Conviction described in This Complaint From The Plaintiffs Records and Files.

(D.) Issue an injunction ordering defendant Campbell To;

(1) Properly Staff and Train Prison Personnel At Donaldson To Adequate levels To man All Posts, Dorms and Cell Blocks

(2) Evaluate ways To Prevent and Remedy The daily Violence, Traffeking in Illegal Drugs By inmates and Employees, And The making of contraband weapons, At Donaldson

(3) Evaluate Total capacity compared To Building Design To Relieve overcrowding of Prisoners At Donaldson.

(E.) Award Compensatory damages in The Following Amounts;

(1.) $100,000 Jointly and Severally against Defendants Etheridge and

Compensatory damages

(E-1) Krukowski For The Physical And emotional injuries Sustained As A Result of The Plaintiffs beating.

(2) $10,000 Jointly And Severally Against defendants, Jones, Carter, Arthur And Dean For Failure To prevent The beating of Plaintiff

(3) $10,000 Jointly And Severally Against defendants, Krukowski, Bullard and Campbell For The punishments and emotional injuries Resulting From denial of due-Process in connection with Plaintiffs disciplinary proceeding.

(4) $50,000 Jointly And Severally Against defendants John Dees, "Prison Health Services, Inc.; For The physical and emotional injury Resulting From Their Failure To provide adequate medical Care To The Plaintiff

(5) $25,000 Jointly And Severally Against defendants Bullard and Campbell For Lack of adequate Staffing, Lack of adequate Security and overCrowding Unconstitutional Conditions at Donaldsons

(F) Award Punitive Damages in The Following amounts

(1) $20,000 each against defendants Etheridge, Krukowski, Jones, Carter, Arthur And Dean;

(2) $10,000 each Against defendants Bullard and Campbell

(3) $25,000 each against defendants, John Dee, Prison Health Services, Inc.

(G.) Grant Such other Relief As it may appear That The Plaintiff is entitled.

Date 3/19/05          RespectFully Submitted

I declare under Penalty of   x Marlon Tyler 160077

Perjury The Foregoing is True    100 WARRIOR Lane

And correct.              Bessemer, Al. 35023

Final Page of Complaint of;
Marlen K. Tyler
Vs.
Mitch Etheridge, Et.al.


Sworn To Before me this 19 day
of March   2005.

Marlon Tyler (16077)
Plaintiff, Marlon K. Tyler,
100 Warrior Lane

Bessemer, Al. 35023

Notary Public K. D. Clark
my Comm. Exp.   2/2/09