# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARLON K. TYLER, | ) |
| Plaintiff, | ) |
| vs. | ) 2:05-cv-00662-WMA-JEO |
| MITCH ETHERIDGE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on November 19, 2007, recommending that: (1) the plaintiff's claims against the defendants in their official capacities for monetary relief be dismissed with prejudice based on their Eleventh Amendment immunity; (2) the plaintiff's claims against the defendants for injunctive relief be **DENIED** as **MOOT**; (3) Defendants Etheridge and Krukowski's motion for summary judgment as to the plaintiff's Eighth Amendment claim for excessive force be **DENIED**; (4) Defendants Etheridge and Krukowski's motion for summary judgment as to the plaintiff's Eighth Amendment claim for excessive force on the basis of qualified immunity be **DENIED**; (5) Defendants Etheridge and Krukowski's motion for summary judgment as to the plaintiff's state law claim for assault and battery be **DENIED**; (6) Defendant Etheridge and Krukowski's motion for summary judgment as to the plaintiff's claim for assault and battery on the basis of state-agent immunity be **DENIED**; (7) Defendants Jones, Carter, Arthur, and Dean's motion for summary judgment as to the plaintiff's Eighth Amendment claim against them for failure to protect be **DENIED**; (8) Defendants Jones, Carter, Arthur, and Dean's motion for summary judgment as to the plaintiff's Eighth Amendment claim against them for failure to protect

on the basis of qualified immunity be **DENIED**; (9) Defendants Jones, Carter, Arthur, and Dean's motion for summary judgment as to the plaintiff's claim against them for assault and battery be **GRANTED**; (10) Defendant Bullard's motion for summary judgment as to the plaintiff's Eighth Amendment excessive force claim against him on the basis of supervisory liability be **GRANTED**; (11) Defendants Bullard and Campbell's motions for summary judgment as to the plaintiff's Eighth Amendment conditions of confinement claims be **GRANTED**; (12) the plaintiff's Fifth and Sixth Amendment claims be **DISMISSED** for failure to state a claim upon which relief can be granted; (13) the defendants' motions for summary judgment as to the plaintiff's Fourteenth Amendment Due Process & Equal Protection claims be **GRANTED**; (14) the defendants' motions for summary judgment as to the plaintiff's conspiracy and retaliation claims be **GRANTED**; (15) Defendant John Doe Medical Administrator be **DISMISSED**; (16) Defendant PHS's motion for summary judgment as to the plaintiff's Eighth Amendment claim for inadequate medical care be **GRANTED**; and (17) the plaintiff's claim against PHS for medical malpractice claim be **DISMISSED** for failure to state a claim upon which relief can be granted.  No objections have been filed by any party.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**.  The Court **EXPRESSLY FINDS** that the defendants' motions for summary judgment are due to be **GRANTED IN PART and DENIED IN PART** as follows:

1.     The Court **EXPRESSLY FINDS** that there are no genuine issues of material fact with regard to the plaintiff's claim that the defendants' actions violated any constitutional right in their official capacities.  Therefore, the defendants' motions for summary judgment are due to be

**GRANTED** to the extent they are sued in their official capacities, and all claims against all the defendants in their official capacities are due to be **DISMISSED WITH PREJUDICE**.

2. The Court **EXPRESSLY FINDS** that there are genuine issues of material fact with regard to the plaintiff's Eighth Amendment excessive force and state law assault and battery claims against Defendants Etheridge and Krukowski, in their individual capacities. Defendants Etheridge and Krukowski's motion for summary judgment is due to be **DENIED**.

3. The Court **EXPRESSLY FINDS** that there are genuine issues of material fact with regard to the plaintiff's Eighth Amendment failure to protect claim against Defendants Jones, Carter, Arthur, and Dean, in their individual capacities. Defendants Jones, Carter, Arthur, and Dean's motion for summary judgment is due to be **DENIED**.

4. The Court **EXPRESSLY FINDS** that there are no genuine issues of material fact with regard to the plaintiff's state law assault and battery claim against Defendants Jones, Carter, Arthur, and Dean, in their individual capacities. Defendants Jones, Carter, Arthur, and Dean's motion for summary judgment is due to be **GRANTED** and this claim is due to be **DISMISSED WITH PREJUDICE**.

5. The Court **EXPRESSLY FINDS** that there are no genuine issues of material fact with regard to the plaintiff's Eighth Amendment excessive force claim against Defendant Bullard on the basis of supervisory liability. Defendant Bullard's motion for summary judgment is due to be **GRANTED** and this claim is due to be **DISMISSED WITH PREJUDICE**.

6. The Court **EXPRESSLY FINDS** that there are no genuine issues of material fact with regard to the plaintiff's Eighth Amendment conditions of confinement claims against Defendants Campbell and Bullard. Defendants Campbell and Bullard's motions for summary

judgment are due to be **GRANTED** and these claims are due be **DISMISSED WITH PREJUDICE**.

7. The Court **EXPRESSLY FINDS** that there are no genuine issues of material fact with regard to the plaintiff's Fourteenth Amendment Due Process and Equal Protection claims. The defendants' motions for summary judgment are due to be **GRANTED** and these claims are due to be **DISMISSED WITH PREJUDICE**.

8. The Court **EXPRESSLY FINDS** that there are no genuine issues of material fact with regard to the plaintiff's claims for conspiracy and retaliation against the defendants. The defendants' motions for summary judgment are due to be **GRANTED** and these claims are due to be **DISMISSED WITH PREJUDICE**.

9. The Court **EXPRESSLY FINDS** that the plaintiff's Fifth and Sixth Amendment claims are due to be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

10. The Court **EXPRESSLY FINDS** that there are no genuine issues of material fact with regard to the plaintiff's Eighth Amendment inadequate medical care claims against Defendant PHS. Defendant PHS's motion for summary judgment is due to be **GRANTED** and these claims are due to be **DISMISSED WITH PREJUDICE**.

11. The Court **EXPRESSLY FINDS** that the plaintiff's claims against Defendant John Doe Medical Administrator is due to be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

12. The Court **EXPRESSLY FINDS** that the plaintiff's claim against PHS for medical malpractice is due to be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which

relief can be granted.

    An appropriate order will be entered.

    **DONE** this the 17th day of December, 2007.

                                               _____
                                               WILLIAM M. ACKER, JR.
                                               UNITED STATES DISTRICT JUDGE